(83 Misc. Rep. 372.)

### HAWTHORNE v. WALDO, Police Com'r.

(Supreme Court, Special Term, Kings County. December 27, 1913.)

MUNICIPAL CORPORATIONS (§ 180*)—EMPLOYÉS—REMOVAL—RIGHT TO TRIAL.

Under Greater New York Charter (Laws 1901, c. 466) § 1543, providing that no regular clerk of a city department shall be removed until he has been allowed an opportunity of making an explanation, and that in every case of removal the true grounds thereof shall be forthwith entered upon the records of the department and a copy filed with the municipal civil service, an assistant bookkeeper in the police department, who was a regular clerk, but who was, not a member of the uniformed police force, and whose membership in a volunteer fire company was a mere sham and fraud, though entitled to an opportunity to make an explanation when

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged with soliciting money from a pensioner of the department in order to have his pension increased, was not entitled to a trial upon charges, and, where his explanation was insufficient, was properly removed forthwith.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 449–457, 466, 482; Dec. Dig. § 180.*]

Application by George B. Hawthorne for a peremptory or alternative writ of mandamus against Rhinelander Waldo, as Police Commissioner of the City of New York, to compel him to restore relator to the position of assistant bookkeeper in the Police Department of the City of New York. Application denied.

The relator was charged with asking and receiving $150 from a pensioner of the department in order to have his annual pension increased. He was accused of this act on August 25, 1913, charges were immediately preferred against him, upon which he was tried forthwith before the police commissioner, and removed from his position on the same day.

Robert H. Elder, of New York City, for relator.

Archibald R. Watson, Corp. Counsel, of New York City (James D. Bell and Charles J. Druhan, both of Brooklyn, of counsel), for defendant.

BENEDICT, J. The action of the police commissioner was so plainly proper in form and justifiable in substance as to render any review of authorities for it superfluous. The brief submitted by the learned assistant corporation counsel leaves but little to be said by the court. The relator was a "regular clerk" in the police department, and as such could not be summarily removed until he had been allowed an opportunity for making an explanation. Section 1543, Charter. This opportunity was accorded him, and he took advantage of it. He had a right to make an explanation, and he tried to make one, but the commissioner found it to be insufficient. He could not justly have done otherwise. The relator was not entitled to a trial upon charges. He was not a member of the uniformed police force, nor was he, except by a figure of speech, a veteran volunteer fireman. In fact, upon the hearing he did not even resort to the euphemism last mentioned, for a defense. Had he done so, the commissioner would have had the sanction of this court in its Appellate Division for pronouncing the alleged membership "a mere sham and fraud." People ex rel. Schulum v. Harburger, 132 App. Div. 260, 264, 116 N. Y. Supp. 994. It is sufficient to say that there is nothing in the papers submitted which would warrant this court, either as a matter of law or in the exercise of a proper discretion, in granting the prayer of the relator for a peremptory writ, and, as there is no substantial dispute as to the facts stated in the affidavit of the respondent in answer to the petition, an alternative writ should not issue.

Application denied, with $25 costs.